FILED
 2014 Aug-28  PM 02:49
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **MELINDA KAY PRENTICE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.      ) | **CIVIL ACTION NO.** |
| ) | **5:13-0463-AKK** |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION

Plaintiff Melinda Kay Prentice ("Prentice") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I.  Procedural History

Prentice, whose past relevant experience includes work as motel manager, filed an application for Title II disability insurance benefits and Title XVI Supplemental Security Income on June 11, 2009, alleging a disability onset date of December 5, 2008, due to back problems, diabetes, depression, eye problems and lung problems. (R. 10, 145).

After the SSA denied Prentice's claim, she requested a hearing before an ALJ. (R. 96-97). The ALJ subsequently denied Prentice's claim, (R. 7-15), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-4). Prentice then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the

Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

> (5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Prentice had not engaged in substantial gainful activity since December 5, 2008, and, therefore, met Step One. (R. 12). Next, the ALJ found that Prentice satisfied Step Two because she suffered from the severe impairments of "asthma; Type II diabetes with diabetic neuropathy; carpal tunnel syndrome bilaterally; bilateral ankle edema; [and] chronic back pain." *Id*. The ALJ then proceeded to the next step and found that Prentice failed to satisfy Step Three because she "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (R. 13). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where she determined that Prentice has the residual functional capacity (RFC) to perform

> light work (lift/carry 20 pounds occasionally, 10 pounds frequently; sit/stand/walk up to 6 hours each in an 8 hour day) as defined in 20 CFR 404.1567(b) and 416.967(b) when afforded the option to sit or stand at will.  However, the claimant can have no concentrated exposure to fumes and dust.  She can perform only frequent, as opposed to constant repetitive, bilateral handling and fingering.

*Id.*  In light of her RFC, the ALJ held that Prentice "is capable of performing past relevant work as a motel manager."  (R. 15).  Therefore, the ALJ found that Prentice "has not been under a disability, as defined in the Social Security Act, from December 5, 2008, through the date of this decision."  (R. 15).

## V.  Analysis

Prentice's sole issue on appeal is her contention that the ALJ committed an error of law by failing to find her depressive disorder as a severe impairment at Step Two.  Doc. 9 at 2.  According to Prentice, the ALJ failed to consider that "the mental health center made a diagnosis of major depressive disorder, recurrent, moderate," which "is a severe impairment within the regulatory criteria."  *Id.* at 6-7.

As Prentice acknowledges, "there is not a great deal in the way of medical evidence concerning [Prentice's] depression."  *Id.* at 6.  In fact, the medical records show Prentice was treated on four occasions at the Mental Health Center of Madison County ("MHC").  Prentice first visited the MHC on February 3, 2010, and her counselor, Karin Flores, completed a psychosocial assessment noting that Prentice reported that she isolates herself, is not motivated to do anything, stays in bed most of the time, has poor sleep, is stressed out, tearful, and feels worthless and hopeless.  (R. 446).  Ms. Flores also

prepared a treatment plan listing Prentice's diagnosis as Major Depressive Disorder, Recurrent, Moderate. (R. 450). When Prentice returned to the MHC for a psychiatric assessment on February 23, 2010, Dr. Alan Piha noted that Prentice "looks depressed," and prescribed medications. (R. 444-45). These medications proved effective, and on April 6, 2010, Prentice denied problems with mood or anxiety, and reported to Dr. Piha that the medication "helped her to feel better and she is engaging more." (R. 440). Prentice also reported that she was "not having crying spells," and that "[s]he is looking for a part time job and is applying for disability." *Id.* Dr. Piha found on mental status examination that Prentice's mood was euthymic, that she appeared alert, and that her thought process was organized. *Id.* At her final visit to Dr. Piha on July 6, 2010, Prentice reported "no complaints . . . other than stressors," and that "she [was] not depressed." (R. 436). Dr. Piha commented that Prentice was "euthymic and talkative." *Id.*

At Step Two, the ALJ found that Prentice's depression caused "at most, mild, limitations in activities of daily living, social functioning and concentration, persistence or pace" and "[t]here are no episodes of decompensation." (R. 12). The regulations provide that in such circumstances, the ALJ "will generally conclude that your impairment[] is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1). Accordingly, the ALJ found Prentice's "depression has, at most, a minimal effect upon [her] ability to perform work-related functions, and consequently, is

6

'non-severe' within the regulatory definition." (R. 12-13). The ALJ's discussion of the medical evidence shows the factual basis for his finding. In reviewing the MHC treatment records, the ALJ recognized Prentice was diagnosed with "major depressive disorder," and began treatment at MHC in 2010, "when she reported stresses including being on probation." (R. 14). However, the ALJ correctly observed that after Prentice began treatment, Dr. Piha noted that she "denied mood symptoms, anxiety, hallucinations, paranoia, delusions, or suicidal or homicidal symptoms," had "a good appetite with normal orientation," and that Prentice "was not depressed." *Id.* Based on this record, the court finds that the MHC treatment records provide substantial evidence to support the ALJ's reasonable conclusion that Prentice's depression was not a severe impairment because they shows that treatment relieved Prentice's depressive symptoms. *See Epps v. Harris*, 624 F.2d 1267,1270 (11th Cir. 1980) (conditions adequately controlled by treatment are not disabling).[1]

The court further finds that Prentice's heavy reliance on the diagnosis of Major Depressive Disorder, Recurrent, Moderate to support her contention that the ALJ erred by not including it as a severe impairment is misplaced because "the mere existence of [this diagnosis] does not reveal the extent to which [it] limit[s] [Prentice's] ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405

---

[1] In *Bonner v. City of Prichard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

F.3d 1208, 1213 n.6 (11th Cir. 2005).  Significantly, the regulations require Prentice to "provide evidence . . . showing how [her depression] affects [her] functioning," 20 C.F.R. §§ 404.1512(c), 416.912(c); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) ("[T]he claimant bears the burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of h[er] claim.") (citing 20 C.F.R. § 416.912(a), (c)).  Here, the treatment records do not support such limitations and Prentice has not met her burden of showing that her depression caused more than minimal limitations in her ability to do basic work activities.

Finally, because the ALJ found in Prentice's favor at Step Two, the specific impairments listed are irrelevant.  After all, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," provided the ALJ considered the claimant's impairments in combination.  *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010); *see also Delia v. Comm'r of Soc. Sec.*, 433 F. App'x 885, 887 (11th Cir. 2011) (failure to find a claimant's mental impairment severe was harmless because the ALJ found other severe impairments and considered the impairment in the rest of the decision).  Moreover, the regulations state that the only consequence of the analysis at Step Two is that if the ALJ finds no severe impairment or impairments, he should reach a conclusion of no disability.  *See* 20 C.F.R. § 404.920(c)a)(ii).  There is no error here because the ALJ recognized that she must consider Prentice's nonsevere impairments in assessing Prentice's RFC, (R. 11), and discussed Prentice's depression in making that assessment.  (R. 14).  This is sufficient to

show the the ALJ considered Prentice's impairments in combination. *See Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir.1991) (ALJ's consideration of the claimant's combined impairments at later steps in the sequential evaluation process is sufficient to show the impairments were considered in combination). Accordingly, any error resulting from the ALJ's failure to identify Prentice's depression as severe at Step Two is harmless because it did not, in any way, change the ALJ's decision. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir.1983)).

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Prentice is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** this 28th day of August, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE